IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>STAN KOCH & SONS TRUCKING, INC.<br><br>Defendant. | Civil Action No: _____<br><br>**COMPLAINT**<br>(Jury Trial Demand) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful retaliation and to provide appropriate relief to Alana Nelson.  Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that Defendant Stan Koch & Sons Trucking, Inc. ("Defendant") violated Title VII when it refused to re-employ Ms. Nelson in retaliation for Ms. Nelson filing a charge of discrimination with the Commission.

JURISDICTION AND VENUE

1.Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.The employment practice alleged to be unlawful was committed within the jurisdiction of the United States District Court for the District of Minnesota.

PARTIES

3.Plaintiff, the U.S. Equal Employment Opportunity Commission ("Commission"

1

or "EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to institute this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Stan Koch & Sons Trucking Co., Inc. ("Defendant") has been continuously doing business in the State of Minnesota and has continuously employed at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Charging Party Alana Nelson filed two charges of discrimination with the Commission alleging that Defendant committed violations of Title VII.

7. In her first charge, EEOC Charge No. 846-2014-00426, Ms. Nelson alleged that Defendant discriminated against her on the basis of her sex (female) when she was discharged from her employment with Defendant because she failed the CRT test.

8. In her second charge, EEOC Charge No. 444-2014-00891, Ms. Nelson alleged that Defendant retaliated against by refusing to consider her application and denying her employment because of her first EEOC charge.

9. On December 19, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII by denying Ms. Nelson consideration and hire in retaliation for filing her first EEOC charge.

10. The Letter of Determination invited Defendant to join with the Commission in

informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11. The Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. On April 24, 2018, the Commission issued to Defendant Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Defendant hired Ms. Nelson as a driver on or around July 26, 2012.

15. Ms. Nelson performed the duties of her position in a satisfactory manner.

16. On or around April 13, 2013, Ms. Nelson was injured at work.

17. Ms. Nelson was on leave pursuant to Defendant's worker's compensation program from approximately April 13, 2013 to approximately July 15, 2013.

18. The CRT test is an isokinetic apparatus developed by Cost Reduction Technologies, Inc. that purports to measure an individual's knee, shoulder, and trunk strength, range of motion, and endurance.

19. On or around July 15, 2013, Defendant required Ms. Nelson to take the CRT test before allowing her to return to work.

20. On or around July 18, 2013, Defendant discharged Ms. Nelson because she failed to achieve a passing score on the CRT test.

21. At the time of her discharge, Defendant informed Ms. Nelson that she was eligible to re-apply for employment with Defendant.

22. In or around December 2013, Defendant received notice from the Commission that Ms. Nelson had filed a charge of discrimination against Defendant.

23. Ms. Nelson's EEOC charge alleged that Defendant's use of the CRT test was discriminatory.

24. In or around January 2014, Ms. Nelson inquired about re-applying for employment and was informed by Defendant that there were no local driver positions available at that time.

25. In or around April 2014, Ms. Nelson applied for re-employment with Defendant. There were at least two local driver positions available at that time.

26. On or around April 9, 2014, Defendant sent a letter to Ms. Nelson stating "At this time there remains a pending legal matter related to your prior employment. This is to advise you that your application has been placed on hold due to the pending legal matter. Once this is resolved, we expect to be back in touch with you."

27. The "pending legal matter" referenced in Defendant's April 9, 2014 letter was the charge of discrimination Ms. Nelson filed with the Commission.

28. On or around April 21, 2014, Ms. Nelson inquired about applying for re-employment with Defendant via an email to her former manager Michael Gloege.

29. On or around April 21, 2014, Defendant sent Ms. Nelson an email stating that the April 9, 2014 letter applied to all applications Ms. Nelson might submit for employment with Defendant.

30. Through its actions complained of in Paragraphs 14 through 29 above, Defendant retaliated against Ms. Nelson in violation of Section 704(a) of Title VII, 42 U.S.C. 2000e-3(a), by refusing to process her application and refusing to re-employ her because she filed a charge of discrimination with the Commission.

31. The effect of the practices complained of in Paragraphs 14 through 29, above, has been to deprive Ms. Nelson of equal employment opportunities and otherwise adversely affect her status as an applicant for employment because she engaged in activity protected by Title VII.

32. The unlawful employment practice complained of in Paragraphs 14 through 29 was intentional.

33. The unlawful employment practice complained of in Paragraphs 14 through 29 was done with malice or with reckless indifference to Nelson's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction prohibiting Defendant, its officer, agents, employees, and all persons in active concert or participation with them, from retaliating against job applicants and employees who oppose practices made unlawful by Title VII.

B. Order Defendant to institute and carry out training, policies, practices, and programs that protect persons who engage in activity protected by Title VII, and which eradicate the effects of its past unlawful employment practice.

C. Order Defendant to make whole Ms. Nelson by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in Paragraphs 14 through 29 above, including but not limited to instatement of Ms. Nelson or front pay in lieu of instatement.

D. Order Defendant to make whole Ms. Nelson by providing compensation for past and future pecuniary and non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, resulting from the unlawful employment practices described in Paragraphs 14 through 29 above, in amounts to be determined

at trial.

E. Order Defendant to pay Ms. Nelson punitive damages for its malicious and reckless conduct described in Paragraphs 14 through 29 above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial.

Dated May 24, 2019                               Respectfully submitted,

James Lee
Deputy General Counsel

Gwendolyn Reams
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M Street NE
Washington, DC  20507

*s/ Gregory Gochanour*
Gregory Gochanour
Regional Attorney

*s/ Jean Kamp*
Jean Kamp
Associate Regional Attorney

*s/ Laurie Vasichek*
Laurie Vasichek
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
330 2nd Ave., Suite 430
Minneapolis, MN  55401
(612) 335-4061
Laurie.Vasichek@EEOC.gov

*s/ Elizabeth B. Banaszak*
Elizabeth B. Banaszak
Trial Attorney
U.S. Equal Employment Opportunity Commission
230 S. Dearborn, Suite 2920
Chicago, Illinois 60604
(312) 872-9676
Elizabeth.Banaszak@EEOC.gov